## DEVELOPMENT BANK OF AMERICAN SAMOA, Plaintiff

v.

## SAM SCANLAN, INC., H.C. FANENE SCANLAN, and LALOIFI E. SCANLAN, Defendants

High Court of American Samoa
Trial Division

CA No. 69-88

May 26, 1995

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and LOGOAI, Associate Judge.

Counsel: For Plaintiffs, Katopau T. Ainuu
 For Defendants, Afoa L. Su`esu`e Lutu

Order Granting Motion for Relief From Order Staying Execution Upon Judgment:
### PROCEDURAL HISTORY

Plaintiff Development Bank of American Samoa ("DBAS") obtained a writ of execution on October 18, 1994, and several writs of garnishment on

---

October 31, 1994, against defendants.[1] This court issued the writs on the belief that defendants' ground lease with the American Samoa Government ("ASG") for land ("ground lease"), upon which the premises known as the "Seaside Garden Club" were located, had expired.

On November 18, 1994, defendants filed a motion to stay execution of the writs on the basis that their ground lease with ASG was still in existence. At the hearing on the motion, both parties stipulated to having previously made a mistake about the existence of the ground lease. On the basis of this stipulation that the ground lease was still in existence, we issued an order on March 18, 1995, which granted defendants' motion, quashed the existing writ of execution and writs of garnishment, and stayed any further execution upon the judgment except by further order of this court.

On March 31, 1995, DBAS filed a motion for relief from the order staying further execution upon judgment claiming that defendants' ground lease had terminated and that the stipulation was incorrect. On April 28, 1995, defendants filed their opposition to DBAS's motion for relief. On May 1, 1995, the motion came regularly for hearing, and all parties were represented by counsel.

## DISCUSSION

The sole issue before us today is whether or not defendants' ground lease with ASG still exists. Despite this court's previous belief and the confusion among the parties themselves, we find that defendants' ground lease expired on its own terms on September 29, 1991, and was at no time extended or renewed in accordance with the law.

Defendants assert that in a letter dated January 3, 1990, then Acting Governor Galea`i Poumele ("Acting Governor") extended the ground lease for 10 years, until 2001.[2] Defendants argue that this letter is a valid extension of the ground lease and enforceable under the law.

■ DBAS asserts that in a letter dated February 17, 1995, the Chairman of the Real Property Management Board, who is also the Attorney General

---

[1] The writs were issued upon the judgment entered in this action on December 6, 1988, in favor of DBAS against defendants for debts incurred.

[2] According to the original ground lease filed with the Territorial Registrar, the lease was executed by ASG, lessor, and Sam Scanlan, lessee, for a 20-year term beginning on September 29, 1971, and ending on September 29, 1991.

of American Samoa, stated that the Acting Governor's letter did not give rise to a contract and that the ground lease expired on its own terms in 1991. This position is correct. The original ground lease did not contain a clause allowing for a second option or a right to extend the lease. Therefore, defendants would have needed to execute a new lease with ASG. The Acting Governor's letter does not constitute a new lease, but is merely a letter written in response to an alleged request by defendant HC Fanene Scanlan to extend the lease. This request has not been submitted into evidence by any of the parties. In fact, the expired ground lease has been neither extended nor renewed, and no new lease has been signed by the parties and registered with the territorial registrar.

## ORDER

On these facts, our order of March 18, 1995, which quashed the writ of execution, writs of garnishment and stayed any further execution upon the judgment, was based on a false premise and a mistaken stipulation by the parties. Accordingly, we hereby grant DBAS's motion for relief from order limiting further execution upon judgment. The writs obtained by DBAS are no longer quashed and the stay limiting further execution upon judgment is removed.

It is so ordered.